RECEIVED FEB 06 2008
FEB - 6 2008
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. MCKINZY, SR, | ) | |
| | ) | |
| Plaintiff, | ) | **08CV793** |
| | ) | **JUDGE GUZMAN** |
| v. | ) | **MAG. JUDGE SCHENKIER** |
| | ) | |
| BNSF RAILWAY RAILROAD, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES plaintiff, Michael E. McKinzy, Sr. ("plaintiff" or "McKinzy") And files his complaint against defendant BNSF Railway Railroad, ("defendant" or "BNSF") for appropriate legal and equitable relief pursuant to Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981") and the common law of the State of Illinois.

### I. JURISDICTION AND VENUE

1. Plaintiff is a citizen of the United States and presently resides in the State of Illinois.

2. Plaintiff's race is African-American.

3. Defendant is a corporate entity authorized to conduct business in Illinois, and maintains a facility for maintenance of diesel railroad locomotives in Chicago, Illinois which is within this judicial district.

4. At all times relevant to this case, Defendant was an "employer" as defined by Title VII that employed 15 or more persons during the calendar years 2006 through 2008.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1332 to hear causes of action arising under Section 1981, Title VII and pendent jurisdiction over claims arising under the laws of the state of Illinois.

6. The unlawful acts and omissions acts that comprise the subject matter of this Complaint were committed in whole or part in the State of Illinois and within this judicial district.

7. Prior to bringing this action plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge 440-2007-04078.

8. The EEOC issued plaintiff a "Dismissal and Notice of Rights" dated November 16, 2007.

9. This action was commenced within 90 days of plaintiff's receipt of the November 16, 2007 "Dismissal and Notice of Rights."

## II. FACTS

10. BNSF owns and operates a railroad engaged in interstate commerce.

11. Plaintiff by virtue of training and experience engages in the skilled trade of electrician.

12. On or about December 20, 2006, BNSF posted a job vacancy for the position of "Suburban Services electrician" at the Chicago, Illinois maintenance shop.

13. BNSF listed the following qualifications for Suburban Services electrician position:

   a. a minimum of 18 years of age;

   b. a minimum of four years verifiable work experience as an electrician or alternatively a "journeyman 's electrician's card; and

   c. experience with large motor generators and high voltage circuitry a plus.

14. On or about December 21, 2006, Plaintiff submitted an application for a Suburban Services electrician position.

15. At the time of application, plaintiff was qualified for the Suburban Services electrician position because he possessed over eight years of verifiable work experience as an electrician and possessed an electrician journeyman's card from the International Brotherhood of Electrical Workers ("IBEW") and completion of a five (5) year IBEW electrician apprenticeship.

16. On or about January 11, 2007 plaintiff attended an interview and testing /orientation session, where he was interview for a Suburban Services electrician position.

17. Plaintiff was interviewed at the January 11, 2007 interview and testing/orientation session held in Countryside, Illinois.

18. During plaintiff's interview, he presented documentation of his journeyman electrician status and completion of a five (5) year electrician apprenticeship program through IBEW.

19. Plaintiff was interviewed by BNSF management employees Courtney Johnson and Walter Viertel.

20. Despite plaintiff's work experience as an electrician and educational credentials, Walter Viertel informed plaintiff during his interview that the only available position for him was an electrician apprentice position.

21. Subsequent to the January 11, 2007 interview, BNSF extended an offer of employment to plaintiff.

22. Plaintiff's hire date was February 20, 2007 at a pay rate of $21.87 per hour.

23. On March 16, 2007 plaintiff was award a permanent position as a journeyman electrician with a seniority date of February 21, 2007 with the following conditions of employment:

    a. hours of service: 0800hrs. to 1600hrs.

    b. days of rest: Sat. and Sun.

    c. rate of pay: $21.87 per hour

    d. work location: Chicago Suburban Services passenger cars.

24. Plaintiff was the only African-American, Suburban Services passenger cars, journeyman electrician, scheduled to work from 0800hrs to 1600hrs at BNSF Chicago Maintenance Shop on March 22, 2007.

25. On March 22, 2007, plaintiff timed-in for work at 0749hrs.

26. On March 22, 2007, Robert "Mike" Tiscareno, Mechanical Foreman Cars Suburban Mechanical, informed plaintiff he had timed-in 19 minutes late for work on March 22, 2007.

27. On March 22, 2007, Robert "Mike" Tiscareno disqualified plaintiff from his permanent position as a journeyman electrician at BNSF Chicago maintenance shop for timing-in for work.

28. Robert "Mike" Tiscareno did not disqualify any of the Caucasian, Suburban Service passenger cars, permanent journeyman electricians, scheduled to work from 0800hrs to 1600hrs on March 22, 2007 at BNSF Chicago maintenance shop for timing-in for work, who timed-in before 0800hrs.

### III. Causes of Action

### Count I – Race Discrimination- Section 1981

29. Plaintiff incorporates as if set forth in full paragraphs 1 through 28 above.

30. Based on the above plaintiff's race, African-American, was determining factor in his being disqualified from his permanent journeyman electrician position by defendant on or about March 22, 2007.

5

31. By engaging in the above discriminatory actions plaintiff was subjected to conditions of employment standards not applied to similarly situated applicants and employees who were not African American.

32. By the above, defendant denied plaintiff the right to contract with them on the same basis as non-African-American applicants and employees.

33. By the above the defendant violated Section 1981.

34. Defendant's actions were wanton, willful, committed with malice, and undertaken with reckless indifference to plaintiff's rights under law.

35. As a direct and proximate result of defendant's actions plaintiff suffered, and continues to suffer economic loss, emotional distress and other related harms.

### Count II – Race Discrimination- Title VII

36. Plaintiff incorporates as if set forth in full paragraphs 1 through 35 above.

37. Base on the above plaintiff's race, African-American, was determining factor in his being disqualified from his permanent journeyman electrician position by defendant on or about March 22, 2007.

38. By engaging in the above discriminatory actions plaintiff was subjected to conditions of employment not applied to similarly situated applicants and employees who were not African Americans.

39. By the above defendant violated Title VII.

40. Defendant's actions were wanton, willful, committed with malice, and undertaken, with reckless indifference of plaintiff's rights under law.

41.     As a direct and proximate result of defendant's actions plaintiff suffered, and continues to suffer economic loss, emotional distress and other related harms.

### IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

(a)     Adjudge and decree that defendant has discriminated against plaintiff on the basis of his race in violation of Section 1981, and that such discrimination was in reckless indifference of plaintiff's rights and was wanton and willful;

(b)     Adjudge and decree that defendant has discriminated against plaintiff on the basis of his race in violation of Title VII, and that such discrimination was in reckless indifference of plaintiff's rights and was wanton and willful;

(c)     Order defendant to make plaintiff whole for the loss of income and benefits he has suffered as a result of defendant's unlawful employment practices, including back pay, front pay and lost bonuses from the time of the unlawful disqualification; reimbursement of any lost benefits; retirement plan benefits; pension benefits; 401(k) plan benefits; social security contributions; and any and all other contributions or benefits; and including pre-judgment interest for the injury and damage suffered by plaintiff;

(d) Order defendant to pay punitive and compensatory damages for its violation of Title VII and Section 1981 of not less than $300,000 for each violation;

(e) Order defendant to pay plaintiff's costs herein, including reasonable attorney's fees; and

(f) Grant all such additional affirmative and equitable relief including but not limited to reinstatement or front pay and other such relief as the Court may deem just and proper.

### V. JURY DEMAND

Plaintiff hereby requests that all issues of fact and other issues so triable in this action be tried by a jury.

Respectfully Submitted,

*Michael E. McKinzy Sr.*
Michael E. McKinzy, Sr.
17963 Huntleight Ct Unit 304
Country Club Hills, IL 60478
(816)924-4671

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Michael E. Mckinzy, Sr.<br>17963 Huntleigh Court<br>Unit 304<br>Country Club Hills, IL 60478 | From: Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

**CERTIFIED MAIL 7099 3400 0018 8814 7771**

**08CV793
JUDGE GUZMAN
MAG. JUDGE SCHENKIER**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-04078 | Jose Romo,<br>Investigator | (312) 353-8175 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_    11-16-07
John P. Rowe,    (Date Mailed)
**District Director**

Enclosures(s)

cc:   BNSF RAILWAY

RECEIVED EEOC

CHICAGO DISTRICT OFFICE